IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATHY BAKER,

   Plaintiff,

  v.

BRAUMS, INC. AND RETAIL
BUILDINGS, INC.,

   Defendants.

Case No. 22-1227-JWB

**MEMORANDUM AND ORDER**

  This matter is before the court on Defendants' motion for summary judgment. (Doc. 44.) The motion is fully briefed (Docs. 47, 50) and ripe for review. The court grants the motion for the reasons described herein.

**I. Background**

  The following facts are either undisputed or taken in the light most favorable to Plaintiff as the nonmoving party. Additional facts are provided in the analysis for clarity. Plaintiff Kathy Baker alleges she sustained an injury at a Braum's restaurant in Hutchinson, Kansas, on September 4, 2020. (Doc. 42 at 2.) The owner of the real property at issue is Defendant Retail Buildings, Inc. ("RBI") (Doc. 44 ¶ 1.) Defendant Braum's, Inc. ("Braum's") leases the property from RBI. (*Id.* ¶ 2.) There is a sidewalk leading to the Braum's entrance that is maintained by Braum's. (*Id.* ¶ 5.) That sidewalk connects to a sidewalk maintained by the city of Hutchinson. (*Id.* ¶ 6.) At the point the sidewalks meet, the city sidewalk is 2.25 to 3.25 inches lower than the Braum's sidewalk. (Doc. 47 at 3.) At the center of the sidewalk intersection, the height difference between the two sidewalks is approximately 2.8 inches. (Doc. 44 ¶ 8.) Below is a picture of the sidewalk as it existed at the time of the lawsuit:



(Doc. 47 at 4.)  This ledge has existed in some form since as early as 1992.  (Doc. 47-2 at 4.)  The city replaced its sidewalk in approximately 2013 or 2014, and the ledge remained.  (*Id.*)  On September 4, 2020, Plaintiff drove to the Braum's parking lot and walked on the city sidewalk before proceeding to the Braum's sidewalk, where she struck her foot on the middle of the ledge.  (Doc. 47 at 5.)  Plaintiff suffered a broken tibia, was taken to Hutchinson Hospital by ambulance, and ultimately required surgery.  (*Id.* at 5–6.)  It was a sunny day, and nothing was obstructing Plaintiff's view of the ledge at the time she struck her foot.  (Doc. 44 ¶¶ 17–18.)  There were no prior incidents with the ledge before the incident with Plaintiff.  (*Id.* ¶ 19.)  No customers had complained to Braum's about the ledge before the incident.  (*Id.* ¶ 21.)  Plaintiff has previously injured herself by falling after walking into a pothole in a different parking lot.  (*See id.* ¶ 23.)  Plaintiff brings the current suit with claims sounding in negligence for failure to maintain a safe business property.  (Doc. 42 at 5.)  Defendants move for summary judgment.  (Doc. 44.)

**II.**    **Standard**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(a). A movant who will not bear the burden at trial may meet its initial burden by showing a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Conclusory allegations are not sufficient to create a dispute as to an issue of material fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

**III.     Analysis**

Defendants make several arguments for summary judgment, but the court finds one dispositive: assuming the ledge is a defect, it is a slight defect for which no exception applies.

"To recover for negligence, the plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered. Whether a duty exists is a question of law." *Sall v. T'S, Inc.*, 281 Kan. 1355, 1356, 136 P.3d 471, 473, (2006). The Kansas Supreme Court has long held that a property owner's duty of reasonable care does not contain a duty to "furnish perfect sidewalks." *Decavele v. Winbury Operating*, 2023 WL 3668735, *3 (Kan. Ct. App. 2023) (citing *Taggart v. Kansas City*, 156 Kan. 478, 480, 134 P.2d 417, 418 (1943)). The resulting doctrine has become known as the slight defect rule. *Id.* at *2. The slight defect rule applies equally to private parties and municipal entities. *See, e.g.*, *Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 38, 708 P.2d 171, 173 (1985).

Here, Plaintiff struck her foot on a ledge in a sidewalk that was approximately 2.8 inches high at the place where she struck her foot.[1] The lighting was good, and Plaintiff's vision was not

---

[1] Plaintiff disputes Defendants' characterization of her foot getting "caught" on the step rather than "striking" the step. (Doc. 47 at 5.) Plaintiff does not dispute that her foot connected with the center of the ledge.

obstructed. There had been no previous incidents with the ledge, even though at that time the ledge had existed in some form for almost thirty years and in its current form for approximately six.² Nor had Defendants received any complaints about the ledge. This height differential and factual situation fits comfortably into what the Kansas Supreme Court has held to be a slight defect in other circumstances. For example, in *Taggart*, a pedestrian fell off an irregular slab of sidewalk. *Taggart*, 134 P.2d at 418. A tree root had grown under the slab so that it was about six or seven inches higher than the slabs around it. *Id.* The Kansas Supreme Court, however, held that the defendant was not liable, noting that where the pedestrian had stepped, the difference in height between the sidewalk slabs was no more than three inches. *Id.* at 419. The Kansas Supreme Court further noted that the sidewalk had been in substantially the same condition for six to eight years by the time the incident occurred and was in a well-trafficked area of the city. *See id.* The pedestrian had plenty of light to see, and "the fact that no one previously had tripped or fallen because of the alleged defect in the street is a circumstance that must be taken into account." *Id.* This analysis is consistent with other longstanding Kansas Supreme Court caselaw. *See, e.g.*, *Slaton v. Union E. R. Co.*, 158 Kan. 132, 139, 145 P.2d 456, 461 (1944) (holding that a three-inch groove, which was only 1.5 inches deeper than necessary, was not sufficiently materially defective to support an award for damages). The ledge, therefore, constituted a slight defect that did not implicate any duty of reasonable care Defendants had.

---

² Plaintiff argues that the ledge only existed in its current form since 2018. (Doc. 47 at 19.) Plaintiff cites her own expert, however, who states that investigation records indicate the city replaced its sidewalk in 2013 or 2014. (Doc. 47 at 4.) The expert further notes that Google Street View images from 2018 show that the city sidewalk is made from newer concrete. (*Id.*) Nothing from the expert report, however, indicates that the sidewalk was *replaced* in 2018. Interestingly, Defendants contend the city sidewalk was replaced in approximately 2015. (Doc. 44-6 at 104.) Regardless, the sidewalk ledge had been in its current form for several years with no complaints or incidents at the time Plaintiff struck her foot on the ledge.

Plaintiff argues, however, that the slight defect doctrine is not merely a question of size, and that the slight defect doctrine does not apply when a defendant's negligence created the defect. (Doc. 47 at 19.)

Plaintiff is correct that a defect created by a defendant's own negligence can render the slight defect doctrine inapplicable. That exception, however, does not apply here. Plaintiff relies on *Lyon v. Hardee's Food Systems, Inc.*, 250 Kan. 43, 824 P.2d 198 (1992), which held that "where the surface irregularity of the sidewalk is caused by the negligent acts of the defendant, the negligence is actionable regardless of whether or not the irregularity is a slight defect. In that situation, the slight defect rule is not relevant to a determination of liability." *Id.* at 203. There, the plaintiff fell after hitting her foot on a raised tree grate. *Id.* at 199. The month before the plaintiff's fall, the tree grate had been flush with the ground, but in the weeks preceding plaintiff's fall, the defendant's employees had painted the grate and replaced it in a manner where it "protruded" above the sidewalk "perhaps more than three inches." *Id.* Thus, the slight defect rule did not apply because the defendant had negligently constructed and maintained the defect. *Id.* at 203–04. Plaintiff's argument here seems to be that Defendants created the defect by not taking the affirmative action of painting the ledge. (Doc. 47 at 21–22.) But Plaintiff's argument, importantly, fails to allege that Defendants *created* the ledge. And there are no facts indicating that Defendants caused the ledge's existence. Rather the ledge had existed in some form for about thirty years prior to this incident, and the ledge still existed when the city replaced its sidewalk more recently. Defendants did not "construct" the ledge, negligently or otherwise. Plaintiff's argument must fail. The undisputed facts (not just the height of the ledge) indicate the slight defect rule applies. Summary judgment for Defendants is appropriate.

## IV. Conclusion

The court therefore grants the motion for summary judgment.  (Doc. 44.)

IT IS SO ORDERED.

Dated: July 25, 2024                             /s/John W. Broomes
                                                 JOHN W. BROOMES
                                                 UNITED STATES DISTRICT JUDGE